1

**Jason K. Singleton**, State Bar #166170
**Richard E. Grabowski**, State Bar #236207

2

**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**

3

**Eureka, CA 95501**
**lawgroup@sbcglobal.net**

4

5

**(707) 441-1177**
**FAX  441-1533**

6

**Attorneys for Plaintiff, ASIS Internet Services**

7

8

### UNITED STATES DISTRICT COURT

9

### NORTHERN DISTRICT OF CALIFORNIA

10

**ASIS INTERNET SERVICES, a California corporation,**

11

12

            **Plaintiff,**

**vs.**

13

**OPTIN GLOBAL, INC., a Delaware Corporation,**

14

**also dba Vision Media Limited Corp., USA**
**Lenders Network, USA Lenders, and USA Debt**

15

**Consolidation Service;**

16

**VISION MEDIA LIMITED CORP., a Common-**

17

**wealth of Dominica Corporation, also dba**
**Optin Global, Inc., USA Lenders Network, USA**

18

**Lenders, and USA Debt Consolidation Service;**

19

**RICK YANG, also known as Qing Kuang Yang,**

20

**aka Calvin Ho, individually, and as principal**
**and owner of Vision Media Limited Corp. and**

21

**Optin Global, Inc.;**

22

**PEONIE PUI TING CHEN, individually, and as**
**president of Optin Global, Inc.;**

23

24

**ESTELA MARIE RICHIE, aka Stela; JOHN**
**TERRENCE DORLAND, aka Terry; CHRIS**

25

**VALLEY; BRUCE LERNER; MICHAEL GARCIA;**
**and FRANCIS PRASAD all as individuals;**

26

27

**MICHAEL CUERVO, dba NORTHSTAR**
**FINANCIAL, an unknown entity;**

28

**Case No. C 05-05124 JCS**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – VIOLATION OF CAN-SPAM ACT OF 2003 [15 U.S.C.  § 7701,  et seq.], CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17529.5, AND CIVIL CONSPIRACY**

**DEMAND FOR JURY TRIAL**

**NORTH COUNTY LOANS, INC. a California corporation;**      )
)
)
**NATIONAL FIDELITY FUNDING, an Indiana corporation;**      )
)
)
**STATESIDE MORTGAGE, INC., a California corporation;**      )
)
)
**AMERICAN HOME EQUITY CORPORATION, a Delaware corporation;**      )
)
)
**QUICKEN LOANS INC., a Michigan corporation;**      )
)
)
**AEGIS LENDING CORPORATION, a Delaware corporation;**      )
)
)
**EFG FIRST, INC., a California corporation;**      )
)
**and DOES ONE through FIFTY, inclusive,**      )
)
     **Defendants.**      )

---

Plaintiff, **ASIS INTERNET SERVICES, a California corporation,** an Internet Access Provider**,** complains of Defendants **OPTIN GLOBAL, INC., a Delaware Corporation, also dba Vision Media Limited Corp., USA Lenders Network, USA Lenders, and USA Debt Consolidation Service; VISION MEDIA LIMITED CORP., a Common-wealth of Dominica Corporation, also dba Optin Global, Inc., USA Lenders Network, USA Lenders, and USA Debt Consolidation Service; RICK YANG, also known as Qing Kuang Yang, aka Calvin Ho, individually, and as principal and owner of Vision Media Limited Corp. and Optin Global, Inc.; PEONIE PUI TING CHEN, individually, and as president of Optin Global, Inc.; ESTELA MARIE RICHIE, aka Stela; JOHN TERRENCE DORLAND, aka Terry; CHRIS VALLEY; BRUCE LERNER; MICHAEL GARCIA; and FRANCIS PRASAD all as individuals; MICHAEL CUERVO, dba NORTHSTAR FINANCIAL, an unknown entity; NORTH COUNTY LOANS, INC. a California corporation; NATIONAL FIDELITY FUNDING, an Indiana corporation; STATESIDE MORTGAGE, INC., a California corporation; AMERICAN HOME EQUITY CORPORATION, a Delaware corporation; QUICKEN LOANS**

1  **INC., a Michigan corporation; AEGIS LENDING CORPORATION, a Delaware corporation;**

2  **EFG FIRST, INC., a California corporation;   and DOES ONE through FIFTY, inclusive,**

3  and alleges violations of *CAN-SPAM Act, 15 U.S.C. §7704(a) and (b)*, *California Business*

4  *and Professions Code §17529.5(a)*, and common law **Civil Conspiracy under California**

5  **Law** and requests injunctive relief, liquidated damages, statutory damages, aggravated

6  damages, and attorney fees authorized as remedies under *15 U.S.C. §7706(g)* and *California*

7  *Business and Professions Code §17529.5 (b)(1)(B)*.

8  <u>**JURISDICTION AND VENUE**</u>

9          1.      This Court has original jurisdiction of this action pursuant to *28 U.S.C. § 1331* for

10  violations of the *CAN-SPAM Act of 2003 (15 U.S.C. §§ 7701 et seq.).*   This Court also has

11  original jurisdiction under *15 U.S.C. § 7706(g)(1)* for cases involving a civil action by an

12  **internet access provider** adversely affected by a violation of section *15 U.S.C. § 7704(a)(1),*

13  *15 U.S.C. § 7704(b), or 15 U.S.C. § 7704(d)*, or a pattern or practice that violates paragraph

14  *(2), (3), (4), or (5) of section 15 U.S.C. § 7704(a).*   Pursuant to pendent jurisdiction, attendant

15  and related causes of action, arising from the same facts, are also brought under California

16  law, including, but not limited to, violations of *California Business & Professions Code §*

17  *17529.5*.

18          2.      Venue is proper in this Court pursuant to *28 U.S.C. § 1391(b)* and is founded on

19  the fact that a substantial part of the unlawful actions of the defendants occurred in this judicial

20  district.

21  **FACTUAL ALLEGATIONS**

22          3.      Plaintiff is informed and believes and therefore alleges that Defendant **Optin**

23  **Global, Inc.,** also doing business as Vision Media Limited Corp., USA Lenders Network, USA

24  Lenders, and USA Debt Consolidation Service ("**OPTIN GLOBAL**"), is a Delaware Corporation

25  registered as a foreign corporation in California with its principal place of business located at

26  6466 Livia Avenue, Temple City, California, 91780.   Plaintiff is informed and believes and

27  therefore alleges that **OPTIN GLOBAL** has formulated, directed, controlled, or participated in

28  the acts or practices set forth in this complaint.

4.      Plaintiff is informed and believes and therefore alleges that Defendant **Vision Media Limited Corp.,** also doing business as Optin Global, USA Lenders Network, USA Lenders, and USA Debt Consolidation Service ("**VISION MEDIA**"), is a Commonwealth of Dominica corporation with its mailing address of 8 Copthall, P.O. Box 2331, Roseau, St. George, 00152, Commonwealth of Dominica. Plaintiff is informed and believes and therefore alleges that **VISION MEDIA** has formulated, directed, controlled, or participated in the acts or practices set forth in this complaint.  **VISION MEDIA** transacts or has transacted business in the Northern District of California and elsewhere**.**

5.      Plaintiff is informed and believes and therefore alleges that Defendant **Rick Yang**, also known as Calvin Ho, also known as Qing Kuang Yang, ("**YANG**"), is a principal and owner of **OPTIN GLOBAL** and **VISION MEDIA**. Plaintiff is informed and believes and therefore alleges that **Rick Yang** has formulated, directed, controlled, or participated in the acts or practices set forth in this complaint. In connection with matters alleged herein, **YANG** has transacted business in Northern District of California.

6.      Plaintiff is informed and believes and therefore alleges that Defendant **Peonie Pui Ting Chen** ("**CHEN**") is the president of **OPTIN GLOBAL**. Plaintiff is informed and believes and therefore alleges that **Peonie Pui Ting Chen** has formulated, directed, controlled, or participated in the acts or practices set forth in this complaint. In connection with matters alleged herein, **CHEN** has transacted business in the Northern District of California.

7.      Plaintiff is informed and believes and therefore alleges that Defendants **OPTIN GLOBAL, VISION MEDIA, YANG**, and **CHEN** have operated as a common business enterprise in commission of the violations of the *CAN-SPAM Act*, and §17529.5 of the *California Business and Professions Code*.

8.      **OPTIN GLOBAL, VISION MEDIA, YANG, and CHEN** are hereinafter referred to jointly in this complaint as the "**SPAMMERS**."

9.      Plaintiff is informed and believes and therefore alleges that Defendants **ESTELA MARIE RICHIE, also known as Stela; NORTH COUNTY LOANS, INC.; JOHN TERRENCE DORLAND, also known as Terry; MICHAEL CUERVO dba NORTHSTAR FINANCIAL;**

1   CHRIS VALLEY; NATIONAL FIDELITY FUNDING; BRUCE LERNER; STATESIDE

2   MORTGAGE, INC.; MICHAEL GARCIA; AMERICAN HOME EQUITY CORPORATION;

3   QUICKEN LOANS INC.; EMERALD HOME LOAN, INC.; FRANCIS PRASAD; AEGIS

4   LENDING CORPORATION; and EFG FIRST, INC., are **mortgage brokers, loan officers**

5   **and or companies** acting as mortgage brokers doing business in the United States and are

6   hereinafter jointly referred to in this complaint as the **"MORTGAGE BROKERS"**.

7   10.    Plaintiff is informed and believes and therefore alleges that **MORTGAGE**

8   **BROKERS** conspired with and at all times supported the **SPAMMERS** in execution of the

9   allegations set forth in this complaint.

10   11.    Plaintiff is informed and believes and therefore alleges that **MORTGAGE**

11   **BROKERS** knew at all times that **SPAMMERS** were violating the *CAN-SPAM Act*, and

12   *California Business and Professions Code* § 17529.5 resulting in injury to Plaintiff by their

13   fraudulent email attacks.

14   12.    Plaintiff is informed and believes and therefore alleges that **MORTGAGE**

15   **BROKERS** have benefited financially and will continue to benefit from their conspiratorial

16   relationship with **SPAMMERS** and as a result will continue to support the illegal and tortuous

17   actions of **SPAMMERS** resulting in injury to Plaintiff.

18   13.    **OPTIN GLOBAL; VISION MEDIA; YANG, CHEN**; **ESTELA MARIE RICHIE,**

19   **also known as Stela; NORTH COUNTY LOANS, INC.; JOHN TERRENCE DORLAND, also**

20   **known as Terry; MICHAEL CUERVO dba NORTHSTAR FINANCIAL; CHRIS VALLEY;**

21   **NATIONAL FIDELITY FUNDING; BRUCE LERNER; STATESIDE MORTGAGE, INC.;**

22   **MICHAEL GARCIA; AMERICAN HOME EQUITY CORPORATION; QUICKEN LOANS INC.;**

23   **EMERALD HOME LOAN, INC.; FRANCIS PRASAD; AEGIS LENDING CORPORATION;**

24   **and EFG FIRST, INC., and DOES ONE through FIFTY, inclusive,** are referred to jointly in

25   this complaint as the "**Defendants**."

26   14.    Plaintiff **ASIS INTERNET SERVICES (hereinafter "ASIS")** does not know the

27   true names and capacities of Defendants **OPTIN GLOBAL; VISION MEDIA; YANG, CHEN**;

28   **ESTELA MARIE RICHIE; NORTH COUNTY LOANS, INC.; JOHN TERRENCE DORLAND;**

1  MICHAEL CUERVO dba NORTHSTAR FINANCIAL; CHRIS VALLEY; NATIONAL FIDELITY
2  FUNDING; BRUCE LERNER; STATESIDE MORTGAGE, INC.; MICHAEL GARCIA;
3  AMERICAN HOME EQUITY CORPORATION; QUICKEN LOANS INC.; EMERALD HOME
4  LOAN, INC.; FRANCIS PRASAD; AEGIS LENDING CORPORATION; and EFG FIRST, INC.,
5  and DOES ONE through FIFTY, inclusive, their business capacities, their ownership
6  connection to the business(s), nor their relative responsibilities in causing the *CAN-SPAM Act*
7  *of 2003* and other violations herein complained of, and alleges a joint venture and common
8  enterprise by all such defendants.   Plaintiff is informed and believes that each of the
9  defendants herein, including DOES ONE to FIFTY, inclusive, is the agent, ostensible agent,
10  master, servant, employer, employee, representative, franchiser, franchisee, joint venture,
11  partner, and associate, or such similar capacity, of each of the other defendants, and was at all
12  times acting and performing, or failing to act or perform, with the authorization, consent,
13  permission or ratification of each of the other defendants, and is responsible in some manner
14  for the acts and omissions of the other defendants in legally causing the violations and
15  damages complained of herein, and have approved or ratified each of the acts or omissions of
16  each other defendant, as herein described.   Plaintiff will seek leave to amend this Complaint
17  when the true names, capacities, connections and responsibilities of defendants are
18  ascertained.

19      15.   Plaintiff is informed and believes that all named defendants, including **DOES**
20  **ONE to FIFTY, inclusive**, conspired to commit the acts described herein, or alternatively,
21  aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

22      16.   Plaintiff **ASIS** is a corporation doing business as **ASIS Internet Services**, is
23  located in Garberville, California, and provides Internet access service within the meaning of
24  *15 U.S.C. § 7702(11)*.

25      17.   Plaintiff alleges that Defendants sent or caused to have sent **in excess of 10,000**
26  deceptive and unsolicited commercial electronic mail messages from **October 25, 2005**,
27  through **November 14, 2005**, to Plaintiff's server, a protected computer.

28      18.   Plaintiff alleges that Defendants transmitted **in excess of 10,000** e-mail

1   advertisements containing and accompanied by falsified, misrepresented, or forged header
2   information.

3       19.    Plaintiff alleges that Defendants transmitted **in excess of 10,000** e-mail
4   advertisements with a subject line that a person would know would be likely to mislead a
5   recipient, acting reasonably under the circumstances, about a material fact regarding the
6   contents and subject matter of the message.

7       20.    Plaintiff alleges that Defendants transmitted, to a protected computer, **in excess**
8   **of 10,000** commercial electronic mail messages, a transactional and relationship message,
9   that contains, or was accompanied by, header information that is materially false or materially
10  misleading.

11      21.    Plaintiff alleges that Defendants initiated the transmission of **in excess of 10,000**
12  commercial electronic mail message to a protected computer without a clear and conspicuous
13  identification that the message was an advertisement or solicitation.

14      22.    Plaintiff alleges that Defendants used a harvest and directory attack or used an
15  automated creation of multiple email accounts to send **in excess of 10,000** commercial
16  electronic mail message to a protected computer.

### FIRST CAUSE OF ACTION

(**Violation of CAN-SPAM Act of 2003 – 15 *U.S.C.* §7704(a)(1), (2),**

**(3), and (5) and 15 *U.S.C.* §7704(b)(1) and (2))**

20      23.    Plaintiff refers to the allegations of the preceding paragraphs of this complaint,
21  and incorporates the same herein by this reference as though set forth in full.

22      24.    On **October 25, 2005**, through **November 14, 2005**, Plaintiff received **in excess**
23  **of 10,000** commercial electronic mail messages from defendants to its mail server located in
24  California that violated the ***CAN-SPAM Act of 2003***.

25      25.    Plaintiff alleges that all of the relevant electronic mails sent by the Defendants on
26  **October 25, 2005**, through **November 14, 2005,** contained or were accompanied by header
27  information that was materially false or materially misleading.  Each of these **in excess of**
28  **10,000** initial messages indicated that they were from individuals and various other unknown

identities.  Plaintiff alleges that all of the relevant electronic mails were from defendants using stolen or hijacked email identities.   Therefore, the electronic mail violated **15 *U.S.C.* §7704(a)(1)(A)**.

26.    Plaintiff further alleges that the Defendants sent **in excess of 10,000** separate items of electronic mail to plaintiff's computer that include various domain names, such as **wwmort.com, b3mort.com, vcmort.com, great-3.com** and others**,** which were registered to unknown and false entities**.**  Said conduct was in violation of **15 *U.S.C.* §7704(a)(1)(A)**.

27.    Plaintiff further alleges that it received hundreds of separate items of electronic mail from Defendants to email addresses that had not existed for the prior year and had not requested or agreed to accept any solicitations.

28.    Plaintiff further alleges that the Defendants sent **in excess of 10,000** separate items of electronic mail to Plaintiff's computer that were acquired as the result of a directory harvest.  Said conduct was in violation of **15 *U.S.C.* §7704(b)(1)**.

29.    Plaintiff further alleges that the defendants sent **in excess of 10,000** separate items of electronic mail to the plaintiff from addresses acquired by the use of automated tools or scripts.  Said conduct was in violation of **15 *U.S.C.* §7704(b)(2)**.

30.    As a proximate result of said unlawful conduct by said Defendants, plaintiff is entitled to statutory damages in the amount of up to $100.00 per email in the case of violation of **15 *U.S.C.* §7704(a)(1)** and up to $25.00 per email in the case of each violation of subsections **15 *U.S.C.* §7704(a)(2), (3),** and **(5)** in the form of statutory damages as set forth in **15 *U.S.C.* §7706(g)(1)(B)(ii) and (3)(A)(i)** and **(ii)**.

31.    As a proximate result of said unlawful conduct by said Defendants, plaintiff is entitled to treble statutory damages as a result of violation of any section of **15 *U.S.C.* §7704(b)** as set forth in **15 *U.S.C.* §7706(g)(1)(C)**.

32.    Plaintiff furthermore seeks a preliminary and permanent injunction against the defendants for their current and future violations of the ***CAN-SPAM Act of 2003*** as it and members of the general public will continue to incur damages as a result of the unlawful conduct of said Defendants.   The seeking of injunctive relief by the plaintiff is specifically

1  authorized by **15 *U.S.C.* §7706(g)(1)(A)**.

2      33.    Plaintiff furthermore seeks its attorney fees and costs against the Defendants

3  pursuant to **15 *U.S.C.* §7706(g)(4)**.

4      **SECOND CAUSE OF ACTION**

5      **(Violation of *California Business and Professions Code* §17529.5**

6      **Unlawful activities relating to commercial email advertisements.)**

7      34.    Plaintiff hereby incorporates by reference paragraphs 1 through 33, inclusive, as

8  if the same were fully set forth herein.

9      35.    Plaintiff alleges that all of the relevant electronic mails sent by the Defendants on

10 **October 25, 2005**, through **November 14, 2005**, contained or were accompanied by header

11 information that was materially false or materially misleading.  Each of these **in excess of**

12 **10,000** initial messages indicated that they were from individuals and various other unknown

13 identities.   Plaintiff alleges that all of the relevant electronic mails were from defendants using

14 stolen or hijacked email identities.  Therefore, the electronic mail violated ***California Business***

15 ***and Professions Code* § 17529.5(a)(2)**.

16     36.    Plaintiff further alleges that the Defendants sent **in excess of 10,000** separate

17 items of electronic mail plaintiff's computer that include various subject lines that were false

18 and misleading and would be likely to mislead a recipient, acting reasonably under the

19 circumstances, about a material fact regarding the contents or subject matter of the message

20 in violation of ***California Business and Professions Code* § 17529.5(a)(3)**.

21     37.    As a proximate result of said unlawful conduct by said Defendants, Plaintiff is

22 entitled to liquidated damages in the amount of $1,000.00 for each unsolicited commercial

23 email transmitted in violation of ***California Business and Professions Code* § 17529.5(a)** as

24 set forth in ***California Business and Professions Code §* 17529.5(b)(1)(B)(ii)**.

25     38.    Plaintiff furthermore seeks its attorney fees and costs against the defendants

26 pursuant to ***California Business and Professions Code* §17529.5(b)(1)(C)**.

27 ///

28 ///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    9

**THIRD CAUSE OF ACTION**

(**Violation of California common law Civil Conspiracy**)

39.    Plaintiff hereby incorporates by reference paragraphs 1 through 38, inclusive, as if the same were fully set forth herein.

40.    Plaintiff alleges that **MORTGAGE BROKERS** knew the **SPAMMERS'** conduct constituted a breach of duty to Plaintiff and gave substantial assistance or encouragement to the **SPAMMERS** so as to injure Plaintiff by violating the *CAN-SPAM Act* and *California Business and Professions Code § 17529.5*.

41.    Plaintiff alleges that **MORTGAGE BROKERS** knew before, during, and after each violation that **SPAMMERS** were injuring Plaintiff by **SPAMMERS'** violations of  the *CAN-SPAM Act* and *California Business and Professions Code § 17529.5*.

42.    Plaintiff alleges that Defendants' violation of the *CAN-SPAM Act* and *California Business and Professions Code § 17529.5* has resulted in injury to Plaintiff in the form of lost revenue, increased cost of services to Plaintiff's customers, illegal use of Plaintiff's equipment and services, and other forms of injury to be named.

43.    Plaintiff alleges that the **MORTGAGE BROKERS** are members of the loan officer and mortgage broker industry and as such are aware of and have been informed through readily available industry news sources that list providers may use illegal spamming techniques to gather sales leads and sell them to loan officers and mortgage brokers.

44.     Plaintiff alleges that the **MORTGAGE BROKERS** contacted citizens of California via names and contact information provided by **SPAMMERS.**

45.    Plaintiff alleges that **MORTGAGE BROKERS** were informed and knew prior to conspiring with **SPAMMERS** that **SPAMMERS** had been named in a federal prosecution for violations of the *CAN-SPAM Act* and *California Business and Professions Code § 17529.5* and that **SPAMMERS** are under a federal judicial injunction not to pursue spamming activities**.**

46.    Plaintiff seeks statutory and liquidated damages for violations of the *CAN-SPAM Act* and *California Business and Professions Code § 17529.5* from each and all of the Defendant conspirators.

47.     Plaintiff seeks damages for its losses as to be determined by proof.

48.     Plaintiff furthermore seeks its attorney fees and costs against the Defendants.

49.     Plaintiff seeks further relief as this Courts deems just and proper.

**WHEREFORE**, plaintiff prays judgment against the Defendants and each of them as follows:

1.      For statutory damages of up to $100.00 for each violation of **15 *U.S.C.* §7704(a)(1)** and up to $25.00 in the case of violations of **§ 7704(a)(2), (3) and (5)** in the sum of $1,000,000;

2.      For aggravated damages under **15 *U.S.C.* §7706(g)(1)(C)** of up to three times the amount above for these violations committed by the defendants' violations of **15 *U.S.C.* §7704(b)**;

3.      For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the ***Can-Spam Act of 2003***;

4.      For liquidated damages of $1,000.00 for each violation of ***California Business and Professions Code* § 17529.5(a)** in the sum of $1,000,000;

4.      For an award of reasonable attorneys' fees and costs according to proof;

5.      For costs of suit; and

6.      For such other and further relief as this Court deems just and proper.

**SINGLETON LAW GROUP**

Dated:      November 30, 2005      _____

Jason K. Singleton, Attorneys for Plaintiff, **ASIS INTERNET SERVICES**

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

**SINGLETON LAW GROUP**

Dated:      November 30, 2005      _____

Jason K. Singleton, Attorneys for Plaintiff, **ASIS INTERNET SERVICES**

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF      11