**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendant, AZOOGLEADS.COM, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OPTIN GLOBAL, INC., a Delaware Corporation, also dba Vision Media Limited Corp., USA Lenders Network, USA Lenders, and USA Debt Consolidation Service; et al.,<br><br>Defendants. | Case No. C-05-5124 JCS<br><br>STIPULATION AND [PROPOSED] ORDER |

1. WHEREAS Plaintiff, ASIS Internet Services ("ASIS"), filed a Second Amended Complaint ("SAC") in the above-captioned action (the "Action"), which alleges causes of action against Defendant, AzoogleAds.com Inc. ("Azoogle"), based upon: 1) 15 U.S.C. §7704(a)(1), (2), (3), and (5) and 15 U.S.C. §7704(b)(1) ("CAN-SPAM"); and 2) California Business and Professions Code §17529.5.

2. WHEREAS Azoogle did not serve its responses to ASIS's First Set of Requests for Admissions until March 9, 2007—14 days after they were required to be served under Federal Rule of Civil Procedure 36(a).

Case No. C-05-5124 JCS      STIPULATION AND [PROPOSED] ORDER

3. WHEREAS Azoogle and ASIS (collectively, the "Parties"; each separately a "Party") have met-and-conferred, and continue to meet-and-confer, about the appropriate scope of discovery relating to, and the potential settlement of, the Action.

4. WHEREAS the Parties believe that their ongoing meet-and-confer process would be facilitated by the Court's resolution of two discreet issues of law, as identified below.

5. WHEREAS the Parties do not intend the Court to address questions of fact, but only to address these two discreet issues of law.

IT IS HEREBY STIPULATED AND AGREED BETWEEN THE PARTIES AS FOLLOWS:

1. Azoogle's responses to ASIS's First Set of Requests for Admission are HEREBY AMENDED as set forth in the responses served by Azoogle on ASIS on March 9, 2007.

2. No later than April 11, 2007 the Parties shall submit separate motions for summary adjudication ("Cross-Motions") on the following two discreet issues of law:

- Whether the following types of evidence, or any of them, are admissible on the question of whether a CAN-SPAM defendant that did not itself originate or transmit a commercial electronic mail message *procured* the origination or transmission of such commercial electronic mail message within the meaning of 15 U.S.C. §§ 7702(12) and 7706(g)(2):

   o Evidence that the defendant has a reputation for initiating commercial electronic mail messages in violation of CAN-SPAM (15 U.S.C. §7701 *et. seq.*).

   o Evidence that third parties in privity with the defendant in relation to Internet

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

marketing activities have a reputation for initiating commercial electronic mail messages in violation of CAN-SPAM (15 U.S.C. §7701 *et. seq.*).

- Evidence that the defendant has—in fact—initiated commercial electronic mail messages, other than those at issue, in violation of CAN-SPAM (15 U.S.C. §7701 *et. seq.*).

- Evidence that third parties in privity with the defendant in relation to Internet marketing activities have—in fact—initiated commercial electronic mail messages, other than those at issue, in violation of CAN-SPAM (15 U.S.C. §7701 *et. seq.*).

• Whether a defendant can be said to *advertise*, within the meaning of California Business and Professions Code Section 17529.5(a), in a commercial e-mail advertisement that neither mentions nor references the defendant nor any third party in privity with the defendant, nor any property, goods, services, or extensions of credit as specifically offered by the defendant or any third party in privity with the defendant.

3. Each Party shall have the right to submit a reply brief in opposition to the other Party's Cross-Motion, which shall be filed no later than April 20, 2007.

4. The Court shall hear oral arguments by the Parties on the Cross-Motions, if the Court so desires, on May 4, 2007 at 9:30 a.m.

5. The Case Management Conference previously scheduled for April 20, 2007 shall be rescheduled for May 4, 2007 at 9:30 a.m.

//

//

Case No. C-05-5124 JCS     3     STIPULATION AND [PROPOSED] ORDER

6. The close of fact discovery for the Parties, which is currently set for August 10, 2007, shall be extended until September 18, 2007.

Dated: ~~March~~ April 4, 2007

Jason K. Singleton
Richard E. Grabowski
Singleton Law Group

By: _____
Jason K. Singleton

Attorneys for Plaintiff, ASIS INTERNET SERVICES

Dated: ~~March~~ April 4th, 2007

Henry M. Burgoyne
Karl S. Kronenberger
Jeffrey M. Rosenfeld
Kronenberger Burgoyne, LLP

By: _____
Henry M. Burgoyne
Jeff Rosenfeld

Attorneys for Defendant, AZOOGLEADS.COM INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: ~~March~~ April 5, 2007

[Signature: Judge Joseph C. Spero, United States District Court, Northern District of California]

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Case No. C-05-5124 JCS     4     STIPULATION AND [~~PROPOSED~~] ORDER