Jason K. Singleton, State Bar #166170
lawgroup@sbcglobal.net
Richard E. Grabowski, State Bar #236207
rgrabows@pacbell.net
SINGLETON LAW GROUP
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
FAX 441-1533

Attorneys for Plaintiff, ASIS Internet Services

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation,<br><br>Plaintiff,<br>vs.<br><br>OPTIN GLOBAL, INC., a Delaware Corporation, also dba Vision Media Limited Corp., USA Lenders Network, USA Lenders, and USA Debt Consolidation Service; et al.,<br><br>Defendants. | Case No. C-05-5124 JCS<br><br>NOTICE OF MOTION AND MOTION FOR ISSUANCE OF LETTERS ROGATORY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION; DECLARATION OF RICHARD E. GRABOWSKI IN SUPPORT<br><br>Date: June 11, 2005<br>Time: 9:30 am<br>Courtroom: A |

**NOTICE OF MOTION AND MOTION:**

To Defendant, **Azoogle.com, Inc.**, and its attorney of record:

Please take notice that on June 22, 2007 at 9:30 am, or as soon thereafter as counsel may be heard by the above entitled Court, located in Courtroom A, 15th Floor, 450 Golden Gate Ave., San Francisco, CA 94102. Plaintiff will and hereby does move the Court for an order directed to the appropriate judicial authority in Montreal, Quebec, Canada, requesting the examination of the Corporate Secretary of Bluerockdove.com, Inc., whose address is 430 Place Jacques-Cartier Montreal, Quebec H2Y 3B3, Canada, on oral examination of interrogatories (See Paragraph 2 to Declaration of Richard E. Grabowski (hereafter REG)) and directing production of documents as attached hereto. (See Paragraph 3 to REG).

This motion is brought on the ground that Bluerockdove.com, Inc. is a necessary and material witness to prove the claims alleged in the Second Amended Complaint (hereafter "SAC"). Said witness is the Secretary of the Corporation or the person most knowledgeable regarding Bluerockdove.com's e-marketing products, Azoogle.com's use of those products, and the marketing relationship between Bluerockdove.com and Azoogle.com. The testimony and production of documents by said witness is necessary and material to establish that Azoogle.com knew or consciously avoided knowing that its affiliates were sending emails that were in violation of the CAN SPAM Act of 2003.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and upon such other matters as may be presented to the Court at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff brings this request for Letter Rogatory or for a letter of request to discover information concerning whether Defendant Azoogle.com knew or actually avoided knowing if the affiliates in their affiliate network were violating the CAN SPAM Act in sending commercial electronic mail on behalf of Defendant Azoogle.com.

Plaintiff believes that Bluerockdove.com provided Azoogle.com with the software that Azoogle.com used in 2005 to manage their affiliate network, including recognizing payments to affiliates. Azoogle.com has refused to provide any information about the software or processes they used during 2005 to manage their affiliate network. Since the data base of information about Azoogle.com's affiliates and payments made to those affiliates would provide invaluable evidence in tracking down the relationship between the actual senders of the emails and Azoogle.com, this information is highly relevant to Plaintiff's action. Knowledge about the software used would lead to inquiries that would help discover the actual evidence admissible at trial. The Bluerockdove.com database would also contain significant information about reported spam abuse related to Azoogle.com.

Plaintiff also believes that Bluerockdove.com was an affiliate of Azoogle.com during 2005 for the purpose of sending commercial electronic mail. Bluerockdove.com was listed on

the SPAMHAUS ROKSO list as part of what was described in 2005 as the "Partners in SPAM" along with Azoogle.com. Plaintiff is pursuing details of these ROKSO lists directly from SPAMHAUS, but the SPAMHAUS reports will not show the actual relationship between Azoogle.com and Bluerock.com. Nor will the SPAMHAUS reposts indicate what steps, if any, that Azoogle.com took to manage and control their alleged affiliate. Azoolge.com has been particularly resistant to providing any information about their affiliates and how or if they exerted management and control over those affiliates. Therefore, Plaintiff is seeking to discover information about those relationships from affiliate Bluerockdove.com.

### 1. Legal Standard for a request for Letter Rogatory to a Canadian Jurisdiction.

**FRCP Rule** 28 (b) states that a depositions may be taken pursuant to any applicable convention or treaty, or upon the issuance of a letter of request also known as letter rogatory. Since Plaintiff seeks to depose and discover information from a corporation within Canada, and Canada is not a signatory to any applicable treaty or convention, a letter of request or Letter Rogatory is proper.

The authority of the federal courts to issue letters rogatory derives from **28 U.S.C. 1781** and from the court's "inherent" authority. See ***Zassenhaus v. Evening Star Newspaper Co.***, 404 F. 2d 1361 (D.C. Cir.,1968).

A Letter Rogatory may be made to the central government of Canada or any Canadian Province pursuant to the **CANADA EVIDENCE ACT**, R.S.C.1985, c. C-5, s. 46 and/or other applicable provincial statutes.

**FRCP Rule** 28 (b) goes on to say:

> A commission or a letter of request shall be issued on application and notice and on terms that are just and appropriate. It is not requisite to the issuance of a commission or a letter of request that the taking of the deposition in any other manner is impracticable or inconvenient; and both a commission and a letter of request may be issued in proper cases.

**FRCP Rule** 28 (b) has been held by some courts to mean that a party opposing the issuance of a letter rogatory must show good cause as to why the letter should not be issued.

*In re Bankers Trust Company v. Bethlehem Steel Corporation*, 752 F.2d 874, 890 (3d Cir.,1984); citing *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361 at 1364 (D.C. Cir.,1968). These courts decided that at a minimum a showing of cause must be made as to why the letter rogatory is not issued, and without a showing the court should issue the requested letter rogatory. The Court in *Evanston Ins. Co. v. OEA, Inc.*, Not Reported in F.Supp.2d, 2006 WL 1652315 (E.D.Cal.,2006), stating that there was no 9th Circuit precedent on the issue, decided to follow the holdings of the D.C. Circuit and 3rd Circuit courts.

### 2. Issuance of a Letter Rogatory for the deposition of Bluerockdove.com is both necessary and proper.

Issuance of a Letter Rogatory to the Corporate Secretary or person most knowledgeable about the affiliate marketing agreements of Bluerockdove, Inc. is necessary and proper to obtain critical evidence of Defendant Azoogle.com's knowledge and or conscious avoidance of knowledge about violations of the CAN SPAM Act.

Plaintiff has discovered that Bluerockdove.com is in the business of providing products that help e-marketing companies, such as Azoogle.com, plan and execute email marketing programs. (See Attachment A to Declaration of Richard E. Grabowski (hereafter REG)). Plaintiff believes that Azoogle.com was either involved in developing this software or was using this software during their association with Bluerockdove.com in 2005. This type of software is used to track sales and payments to affiliates. Payments to affiliates is one of the key methods that an investigator has to track down spammers, and is recognized as the best way to get to the actual source of spam.

> "FTC Chairman Muris and Commissioners Swindle and Thompson each testified in hearings before the Committee this past spring to the FTC's tremendous difficulty in tracking and finding spammers who send out spam with fraudulent transmission information. In response to members who questioned the FTC's effectiveness in reducing the volume of spam, Chairman Muris testified that their investigations are more effective when "following the money" through the business promoted in the e-mail message to the spammer." **S. REP. 108-102, S. Rep. No. 102, 108TH Cong., 1ST Sess. 2003, 2004 U.S.C.C.A.N. 2348, July 16, 2003.**

Defendant has refused to discuss the software that they used to track and pay their affiliates. Therefore, discovery of whether the Bluerockdove.com software was used and under what terms will move Plaintiff a step closer to discovering who, what, when, and how much affiliates were paid by Defendant. Details of the questions that Plaintiff wishes to ask Bluerockdove.com are included as Para. 2 of the Declaration of REG.

Defendant Azoogle.com has also persistently refused to provide information identifying their affiliates and the relationship that existed with those affiliates. This information would be contained in the data base used to manage the affiliate process. Plaintiff has demanded this information and has received virtually no answers from Defendant. Plaintiff is now ready to pursue this information from the point of view of apparent affiliates.

In reviewing spam complaints available through the internet and such agencies as the SPAMHAUS Project, Plaintiff has discovered that in mid-2005 (that is just prior to the incident period of this suit) Azoogle.com was aligned with several companies in what SPAMHAUS labeled "Partners-in-SPAM". Following is a list of related SPAMHAUS ROKSO reports from 2005:

> http://www.spamhaus.org/rokso/evide...okso_id=ROK2852

> "Lloyd Lapidus - revolution media"

> ROK3637 Gregory Pippo - business partner

> ROK3635 PARTNER-IN-SPAM: BlueRock Dove

> ROK3937 PARTNER-IN-SPAM: Denisz Softic / volomp

> ROK4227 PARTNER-IN-SPAM: Dzenis Softic - teol.net

> ROK3646 Partner-In-Spam: Josh Baer

> ROK4160 PARTNER-IN-SPAM: Vendaregroup.com

> ROK4244 Partner-In-Spam: wotch.com

> ROK3712 Alex Zhardanovsky / Azoogle - Partners-In-Spam

> ROK3932 Alex Zhardanovsky / Azoogle - giftfox.com

> ROK4171 Alex Zhardanovsky / Azoogle - main info

Plaintiff is pursuing the details behind these reports directly from SPAMHAUS.

However, the actual relationship of the so called "Partners-in-Spam" is not contained in these reports. These reports contain information about the actual emails sent, who they were sent to, etc. They do not contain information about existing agreements between the parties named. They do not contain explanations, if any, of how Azoogle.com may have attempted to control their affiliates.

Knowledge requisite for a showing of a violation of the CAN SPAM Act, by procuring the sending of spam, can be demonstrated by a showing of a pattern or practice of using affiliates who were known spammers. **15 U.S.C. 7706** (g) (1) and (2). Plaintiff wishes to establish what the actual knowledge of Defendant was prior to and during the incident period. A company, such as Bluerockdove.com, who was identified with Defendant, at the time of the incident, as a partner in spam may posses invaluable information about Defendant's actual knowledge.

It is critical to Plaintiff's case that it be allowed to discover information from Defendant's apparent affiliates to verify or contradict the responses made to date by Defendant.

Therefore, the information sought by Plaintiff is necessary to further establish Plaintiff's case. A Letter Rogatory is the proper and authorized method of requesting the help of the judicial system in Quebec, Canada, to discover the needed information. The Court should issue the Letter Rogatory.

**SINGLETON LAW GROUP**

Dated: May 10, 2007

Jason K. Singleton,
Richard E. Grabowski, Attorneys for Plaintiff,
**ASIS INTERNET SERVICES**