**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendant, AZOOGLEADS.COM, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES,** a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**OPTIN GLOBAL, INC.,** a Delaware Corporation, also dba Vision Media Limited Corp., USA Lenders Network, USA Lenders, and USA Debt Consolidation Service; et al.,<br><br>Defendants. | Case No. C-05-5124 JCS<br><br>**AZOOGLEADS.COM, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LETTERS ROGATORY**<br><br>DATE: June 22, 2007<br>TIME: 9:30 a.m.<br>PLACE: Courtroom A, 15th Floor<br>The Honorable Joseph C. Spero |

## INTRODUCTION

Plaintiff has run amok with its discovery—both its inter-party discovery and its third-party discovery. In the process of propounding countless discovery requests, numerous deposition notices, and now 19 third party subpoenas, Plaintiff has ignored the spirit and the requirements of the Federal Rules of Civil Procedure. As one example of Plaintiff's misconduct, Plaintiff failed to inform AzoogleAds.com, Inc. ("Azoogle") of any of its 19 third party subpoenas until after Plaintiff had issued them, in violation of Federal Rule 45(b)(1). (Declaration of Jeffrey M. Rosenfeld in Opposition to Plaintiff's Motion for Issuance of Letters Rogatory ("Rosenfeld Decl.") at ¶2 & Ex. A.) Even after

| Case No. C-05-5124 JCS | 1 | AZOOGLE'S OPP TO PLAINTIFF'S MOTION FOR LETTERS ROGATORY |
|---|---|---|

Azoogle notified Plaintiff of its misconduct, Plaintiff still refused to provide Azoogle with a complete record of the third party subpoenas it had issued.  (*Id.* at ¶3.)  In more than two cases, Plaintiff stated in writing that it had notified Azoogle of third-party subpoenas, when in fact, it had not.  (*Id.*  at ¶¶4-5 & Exs. B-C.)  In yet another incident, Plaintiff held hostage documents produced in response to one of its third party subpoenas, stating that it would not produce these documents until Azoogle paid for Plaintiff's counsel's hotel bill relating to a postponed deposition.  (*Id.* at ¶6 & Ex. D.)

What has Plaintiff received in response to its 19 subpoenas?  As far as Azoogle can tell, essentially nothing.  In the case of third party GoDaddy, Inc. Plaintiff received nearly seven hundred pages of documents unrelated to any allegations set forth in the Second Amended Complaint.  (Rosenfeld Decl. at ¶7.)  In response to at least (two) of its subpoenas, Plaintiff has received letters informing that the third party is unaware of any "spam" complaints relating to Azoogle.  (*Id.* at ¶8 & Exs. E & F.)  Yet now, after executing 19 third party subpoenas under the Court's imprimatur, Plaintiff seeks a letter rogatory to compel the deposition and production of documents from Bluerockdove.com.  In its Motion for Issuance of Letters Rogatory ("Motion") Plaintiff argues that the documents from Bluerockdove.com are necessary to its case because they would reveal the intricacies of the software system used by Azoogle to track payments to its affiliates.  (Motion at 2:17-19.)  Yet, in its Motion for Summary Adjudication, Plaintiff said it could not identify the senders of the SPAM at issue in its Second Amended Complaint.  (Rosenfeld Decl. at ¶9 & Ex. G at 3:14-19.)  These two statements beg the question: how could any documents or testimony from Bluerockdove.com be relevant to Plaintiff's case?  If Plaintiff cannot identify the senders of the SPAM, and Plaintiff only seeks statutory damages, how could any information relating to Azoogle's payment tracking system ever be relevant?

Because Plaintiff has failed to demonstrate the relevance of Bluerockdove.com, the Court should deny Plaintiff's Motion.

**ARGUMENT**

**A. A Court Can Deny Motions for Letters Rogatory For Good Cause.**

A letter rogatory is a formal communication sent by a court in which an action is pending to a court of a foreign country, requesting the foreign court to compel the testimony or discovery from a witness resident within that court's jurisdiction. *Monarch Assur. P.L.C. v. United States*, 244 F.3d 1356, 1363, n.2 (Fed. Cir. 2001). Where party to a proceeding in a United States District Court seeks a letter rogatory, the court has discretion to deny issuing the letter upon a showing of good cause. *See Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 24, 26-27 (D. Conn. 2003).

Where the relevance or materiality of the testimony or information sought is doubtful, the court should not grant an application for letters rogatory; letters rogatory should be issued only where necessary and convenient. *See United States v. Rosen*, 240 F.R.D. 204 (E.D. Va. 2007). Thus, if the party seeking the letter rogatory fails to demonstrate the materiality or relevance of the information sought, good cause exists for the court to deny issuing letter rogatory. *See United States v. Taubman*, 297 F.3d 161, 164 (2d. Cir. 2002) (finding that denial of defendant's request for letters rogatory was not abuse of discretion where defendant failed to demonstrate materiality of witnesses' testimony); *Rosen*, 240 F.R.D. at 215 (denying issuance of letters rogatory where the letters rogatory sought cumulative testimony and the delay attending the use of the letters rogatory process was not justified).

**B. Plaintiff Has Used Excessive Third Party Discovery As A Fishing Expedition.**

Plaintiff has used its extensive third party discovery not to learn about the facts supporting its claims, but rather, as a fishing expedition. While a party has the right to discover information relevant to the claims or defenses at issue, it does not have the

right to discover matters that are merely relevant to the subject matter of the case. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) (preventing use of discovery process to engage in wholesale searches for evidence that might serve to limit damages attributable to defendant); *Epstein v. MCA, Inc.*, 54 F.3d 1422 (9th Cir. 1995) (finding that trial court abused discretion in ordering discovery of that was not relevant to the claims in the action"). Nor does a party have the right to engage in cumulative, repetitive, or remote discovery where the end effect is to impose costs on the other parties to the action. *See Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 186-87 (1st 1989). This is precisely what Plaintiff has done, and seeks to do again with its requested letters rogatory.

In this case, Plaintiff has already served an extraordinary 19 third party subpoenas. (Rosenfeld Decl. at ¶2 & Ex. A.) In response to these 19 third party subpoenas, Plaintiff has received no relevant information. Rather, Plaintiff has received: 1) statements from the third party that no responsive documents exist, or 2) objections from the third parties that the subpoena is overly-broad and unduly-burdensome, or 3) documents that contain no information that is relevant to any claim or defense to the Second Amended Complaint. (*Id.*) There is no evidence that Plaintiff would receive anything different from Bluerockdove.com.

Plaintiff's excessive use of third party subpoenas has not only imposed burdens on the 19 non-parties, but it has also imposed an undue burden on Azoogle. Not only has Azoogle been forced to monitor the various subpoenas issued by Plaintiff—especially given Plaintiff's failure to notify Azoogle about these subpoenas—but also, Azoogle has had to duplicate and review large numbers of irrelevant documents produced in response to Plaintiff's 19 subpoenas. For example, in response to one of Plaintiff's subpoenas, third-party GoDaddy produced 690 pages of documents. (Rosenfeld Decl. at ¶7.) None of these documents contained evidence relevant to any of the claims or defenses at issue in the Second Amended Complaint. Nonetheless, as

a consequence of Plaintiff's excessive third party discovery, Azoogle was forced to incur $89.02 in costs duplicating the documents—not taking into consideration the cost of the attorney review time.

While Plaintiff is entitled to conduct discovery—including third party discovery—this right is not limitless. Plaintiff cannot simply invoke the imprimatur of the Court to serve an endless number of third party subpoenas. With 19 outstanding third party subpoenas, and no relevant documents to show for them, Plaintiff has already crossed this line. Accordingly, Plaintiff's request for the letter rogatory should be denied.

### C. Plaintiff Has Not Explained the Relevance of Bluerockdove.com's Documents and Testimony.

While Plaintiff claims that the requested letter rogatory is "necessary and proper to obtain critical evidence," (Motion at 4:12-13), Plaintiff fails to explain how this supposed "critical evidence" is relevant to any claim at issue in this case. Plaintiff claims that Bluerockdove.com possesses information regarding Azoogle's software used to track sales and payments to Azoogle's affiliates. (*Id.* at 4:15-22.) Plaintiff states that it can use this information to discover which affiliates were paid by Azoogle and when. (*Id.* at 5:2-4.) However, none of this information is relevant to any claim or defense in this proceeding.

Plaintiff has admitted that it cannot determine who sent the SPAM at issue in the Second Amended Complaint. (Rosenfeld Decl. at ¶9 & Ex. G at 3:14-19.) If this is the case, how could Azoogle's payments to its lead providers ever be relevant to Plaintiff's case, especially when the only damages Plaintiff seeks are statutory damages, such that payment information is not relevant to any other issue either? Even if the Court accepts Plaintiff's representations in its Motion as true, the most that Plaintiff could learn is that Azoogle made payments to its lead providers. However, Plaintiff has admitted that it does not know—and cannot determine—whether these lead providers were in any way involved in the SPAM.

Even if Azoogle could identify the senders of the SPAM, there is still no logic to Plaintiff's claim that "[k]nowledge about the software used would lead to inquiries that would help discover the actual admissible evidence at trial," namely evidence of "Azoolge.com's knowledge and or conscious avoidance of knowledge." (Motion at 2:24-25.) How would software facilitating the *automated* payment of lead providers, who are under contract to engage in lawful business activities, provide any evidence of Azoogle.com's knowledge of misconduct by third parties?

Moreover, Plaintiff's anticipated "knowledge . . . [that] would lead to inquiries that would help discover the actual admissible evidence at trial," is far outside the acceptable scope of federal discovery. (Motion at 2:24-25.) The Federal Rules permit discovery into information relevant to a claim. The Rules do not permit discovery into knowledge that might lead to inquiries that would help discover actual admissible evidence. This is Plaintiff's own description of the nature of its request. The Federal Rules do not countenance this type of oblique discovery.

Because Plaintiff has failed to explain the relevance of the information sought from Bluerockdove.com, the Court should deny Plaintiff's request for a letter rogatory.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's Motion for Issuance of Letters Rogatory.

Dated: June 1, 2007                         **KRONENBERGER BURGOYNE, LLP**

By: _____/s/_____

Henry M. Burgoyne

Attorneys for Defendant AzoogleAds.com, Inc.