**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendant, AZOOGLEADS.COM, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES,** a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**OPTIN GLOBAL, INC.,** a Delaware Corporation, also dba Vision Media Limited Corp., USA Lenders Network, USA Lenders, and USA Debt Consolidation Service; et al.,<br><br>Defendants. | Case No. C-05-5124 JCS<br><br>**DECLARATION OF JEFFREY M. ROSENFELD IN OPPOSITION TO PLAINTIFF'S MOTION FOR ISSUANCE OF LETTERS ROGATORY**<br><br>DATE: June 22, 2007<br>TIME: 9:30 a.m.<br>PLACE: Courtoom A, 15th Floor<br>The Honorable Joseph C. Spero |

I, Jeffrey M. Rosenfeld, declare as follows:

1. I am an attorney admitted to practice in the State of California and the United States District Court for the Northern District of California. I am an associate at the law firm of Kronenberger Burgoyne, LLP, counsel of record for Defendant AzoogleAds.com, Inc. ("Azoogle"). Unless otherwise stated, I have personal knowledge of the facts stated herein.

2. To date—and to my knowledge—Plaintiff has issued 19 third party subpoenas in this action. As to each of the 19 third party subpoenas, Plaintiff failed to provide prior notice of the subpoena to counsel for Azoogle. A chart summarizing Plaintiff's 19 third

party subpoenas in this case, including the date they were issued and the date Plaintiff notified counsel for Azoogle, is attached hereto as Exhibit A.

3.  My colleagues and I have repeatedly asked counsel for Plaintiff to provide copies of all subpoenas and a comprehensive list of all subpoenas issued, when they were issued, and what, if anything, Plaintiff has received in response.  Despite our requests and admonitions to adhere to the Federal Rules of Civil Procedure, counsel for Plaintiff has not been forthcoming with this information, often providing incomplete responses.

4.  On February 8, 2007 my colleague, Henry Burgoyne, emailed Mr. Singleton asking him how many third party subpoenas Plaintiff had served.  In response, Plaintiff said that "the third party subpoena's [sic] were served on all opposing counsel at the same time they were sent out for service."  In fact, as of the date of this email, Plaintiff had issued two third party subpoenas—that we are currently aware of—but had not notified us of these subpoenas.  A true and correct copy of this email chain, dated February 8, 2007, is attached hereto as Exhibit B.

5.  Similarly, on March 6, 2007 my colleague, Henry Burgoyne, emailed Mr. Singleton to confirm that he had received copies of all of Plaintiff's third-party subpoenas.  In response, Mr. Singleton wrote:

> Your office has been told, REPEATEDLY, that you hve been served with all third party subpoena's sent out by my office . . . There were only two.  How many times do we have to tell you that?

In fact, as of this date, Plaintiff had served three (3) third party subpoenas. Plaintiff failed to provide notice of the third subpoena until a month later.  A true and correct copy of this email, dated March 6 and 7, 2007, is attached hereto as Exhibit C.

6.  On May 8, 2007, counsel for Plaintiff, Jason Singleton, sent to me an email demanding among other costs, hotel costs (resulting from a postponed deposition), before he would turn over documents produced by third party GoDaddy, Inc., in

2  **DECL. OF J. ROSENFELD IN OPPOSITION TO MOTION FOR LETTERS ROGATORY**

response to Plaintiff's third party subpoena. A true and correct copy of this email is attached hereto as Exhibit D.

7. In response to Plaintiff's subpoena, GoDaddy, Inc. produced 690 pages of documents. None of these documents contains information that is relevant to any claim or defense in the Second Amended Complaint. Azoogle was forced to incur $89.02 in costs duplicating these 690 pages of documents, not taking into consideration the cost of the attorney-review time.

8. In at last two cases, third parties responded to Plaintiff's subpoenas informing that they were unaware of any "spam" complaints relating to Azoogle. A true and correct copy of a letter from Verizon Communications, Inc., dated May 21, 2007 is attached hereto as Exhibit E. A true and correct copy of a letter from Interland, Inc., dated May 25, 2007 is attached hereto as Exhibit F.

9. A true and correct copy of Plaintiff's Motion for Summary Adjudication is attached hereto as Exhibit G.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed this 1st day of June 2007, at San Francisco, CA.

/s/
Jeffrey M. Rosenfeld

3     **DECL. OF J. ROSENFELD IN OPPOSITION TO MOTION FOR LETTERS ROGATORY**