**Jason K. Singleton**, State Bar #166170
lawgroup@sbcglobal.net
**Richard E. Grabowski**, State Bar #236207
rgrabows@pacbell.net
**SINGLETON LAW GROUP**
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
FAX  441-1533

Attorneys for Plaintiff, ASIS Internet Services

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation,<br><br>        Plaintiff,<br>vs.<br><br>OPTIN GLOBAL, INC., a Delaware Corporation, also dba Vision Media Limited Corp., USA Lenders Network, USA Lenders, and USA Debt Consolidation Service; et al.,<br><br>        Defendants. | Case No.  C-05-5124 JCS<br><br>**DECLARATION OF JASON K. SINGLETON IN REPLY TO OPPOSITION TO MOTION FOR ISSUANCE OF LETTERS ROGATORY**<br><br>Date: June 22, 2007<br>Time: 9:30 am<br>Courtroom: A |

I, Jason K. Singleton, hereby declare as follows:

1.     I have personal knowledge of each fact hereinafter set forth and if called to testify could and would competently testify thereto.

2.     Plaintiff's counsel uses process servers to serve third party subpoenas. Plaintiff's counsel sent each third party subpoena, via mail, to both the process server and opposing counsel often emailing or faxing the subpoena to Defendant.  Since it takes a few days for the subpoena to reach the process server via mail, and some additional time for the process server to actually go out and serve the subpoena, Defendant has not stated it was served with a subpoena after any respondent was.

3.     Azoogle twice noticed, and twice cancelled, Plaintiff's deposition.  The last

1  instance, was immediately prior to the deposition date.  As a result, Plaintiff's counsel
2  unnecessarily incurred non refundable hotel costs.  Defendant was asked to reimburse those
3  costs, and has refused to do so to this day.

4    4. Now, Azoogle was adamant (even vitriolic) that Plaintiff must duplicate all
5  documents received as a result of third party subpoena's, at Plaintiff's expense, and provide
6  them to Azoogle.  (Exhibit "A" hereto)  Plaintiff did the legal research, and showed Azoogle it
7  was not Plaintiff's obligation pay duplication costs, and invited Azoogle to open an account with
8  a duplication service so that Plaintiff could leave the documents there for duplication.  Azoogle
9  ultimately did so, the documents copied and transferred to defense counsel.

10   5. Azoogle requires that Plaintiff depose Defendant's employee witnesses, in New
11 York City.  However, Azoogle, at the same time, insists that Plaintiff produce its employee
12 witnesses for deposition in San Francisco, some 250 miles from home.

13   6. After the Court issued its order of February 5, 2007, requiring counsel to confer in
14 person to draft the joint letter last before the Court, Mr. Burgoyne declined to travel to Eureka.
15 Consequently, Plaintiff's counsel traveled to San Francisco on May 10, 2007.  Upon meeting in
16 person, Mr. Burgoyne then stated he only had set aside two hours to meet with Plaintiff's
17 counsel that day.  Plaintiff's counsel traveled all the way to San Francisco, only to be told the
18 joint letter would not be completed then, because Mr. Burgoyne could only meet for two hours.

19   Azoogle has propounded discovery requests that can only be described as bizarre.  For
20 example:

21   Def. Rog #14. "*Describe the inquiry you conducted prior to filing your second amended complaint and relating to your contentions as to Azoogle*".
22   Def, Rog. #16. "*State all facts relating to the expertise of your attorney Jason Singleton in prosecuting civil actions relating to the sending or receipt of unsolicited commercial email.*"
23
24   Def. Doc Demand, #14. "*All documents constituting or relating to correspondence between the parties to this action.*"
25

26 Plaintiff's counsel was required to produce every letter and email exchanged between all the
27 attorneys that have appeared in this action.
28   Doc. Demand #23. "*Produce all documents relating to all experts*"

Declaration of Jason K. Singleton in Reply to Opposition  2  C-05-5124 JCS

Doc. Demand #24. "*Produce all documents drafted or created by any expert in connection with or relating to the above captioned lawsuit.*"

7. Plaintiff's counsel did initially request that Azoogle reimburse the cost of canceling Ms. White's deposition as a condition to Plaintiff duplicating the documents obtained via third party subpoena. However, Plaintiff *promptly* reconsidered and changed its position. (Exhibit "B" hereto)

8. It is extremely difficult, if not impossible, for a bulk commercial emailer to get past spam filters, without violating the CAN SPAM Act. Were a bulk mailer to comply with CAN SPAM, mailing from known IP ranges, and with true header information, the various spam filters would be configured within hours to block such emails. It might be said, the only viable way to get bulk email past spam filters, is to falsify sender information.

9. Canada has no law against spamming. It is not uncommon for spammers to send their spam from Canada, into the United States, to evade liability. Bluerockdove.com is based in Quebec, Canada, indeed not far from Azoogle's office in Ontario, Canada.

10. In response to one of Plaintiff's subpoenas, Dotster generated 93 pages consisting of list of domain names registered by Azoogle. Those domain names were searched for in Plaintiff's database of spam, which resulted in 6944 spam emails being discovered which are linked to Azoogle.

11. Connexus Corporation fka Vendare/Netblue, Inc., in response to Plaintiff's subpoena, responded with information showing that Azoogle was an email affiliate of Netblue, and that Netblue terminated Azoogle's affiliate contract with Netblue as a result of spam violations. In fact, the Netblue documents state that "*Azoogle is on our burned list*".

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:    June 8, 2007                              /s/ Jason K. Singleton
                                                    Jason K. Singleton

## Jason Singleton

**From:** Jeff Rosenfeld [jeff@kronenbergerlaw.com]
**Sent:** Tuesday, May 08, 2007 4:07 PM
**To:** 'Jason Singleton'
**Subject:** RE: Third Party Subpoenas

Dear Jason,

Your ultimatum is unacceptable. The Rules do not allow a party to withhold documents in order to demand money. Moreover, the cost of reproducing documents is borne by the responding party. Please produce all documents received in response to your third party subpoenas immediately or we will notify the Court that you have intentionally withheld responsive documents.

Sincerely,
Jeff

# Jason Singleton

**From:** Jason Singleton [lawgroup@sbcglobal.net]
**Sent:** Friday, May 11, 2007 1:04 PM
**To:** Hank Burgoyne
**Subject:** Asis v Azoogle

Dear Hank,

Getting back to you on the cost of reproducing documents Plaintiff will present for inspection in response to Defendant's demand for inspection.

Please review Obiajulu v City of Rochester, Dept of Law, 166 F.R.D. 293, 297 (W.D.N.Y. 1996), for the proposition the demanding party is responsible to pay duplication costs. Again, if it were just a handfull of documents, we would duplicate them in house for you. It is just shy of seven hundred pages, and alot more are anticipated.

There is a local vendor, Copy Center 326 "I" Street, Eureka 444.3044, which, if you open an account there I will be happy to have the documents delivered so they may be duplicated, and shipped, at Azoogle's expense.

Take care,

Jason.