**E-Filing**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ASIS INTERNET SERVICES,

    Plaintiff,

    v.

OPTIN GLOBAL, INC., ET AL.,

    Defendants.

                        /

No. C-05-05124 JCS

**ORDER DENYING MOTION FOR ISSUANCE OF LETTERS ROGATORY [Docket No. 220]**

**I.     INTRODUCTION**

Plaintiff, Asis Internet Services, brings a Motion for Issuance of Letters Rogatory (the "Motion") seeking issuance of letters rogatory directed to the appropriate judicial authority in Montreal, Quebec, Canada, requesting an oral examination of, and document production by, the Corporate Secretary of third party Bluerockdove.com, Inc., ("Bluerockdove") or, in the alternative, the employee who is most knowledgeable regarding Bluerockdove's e-marketing software and relationship with Defendant AzoogleAds.com, Inc. ("Azoogle"). Plaintiff contends that discovery from this third party is necessary to prove that Defendant Azoogle knew or consciously avoided knowing that its affiliates sent commercial e-mails that violated the CAN-SPAM Act. For the reasons stated below, the Motion is DENIED.

**II.    BACKGROUND**

**A. Facts**

Plaintiff Asis Internet Services, a California based internet access provider, received in excess of 10,000 unsolicited commercial e-mails between the period of October 25, 2005, and November 14, 2005. Second Amended Complaint for Damages and Injunctive Relief at 1, 7. Each

United States District Court
For the Northern District of California

e-mail contained a link directing the recipient to various internet sites, including wwmort.com, bbmort.com, and xxmort.com. Declaration of Richard E. Grabowski in Support of Plaintiff's Motion for Letter Rogatory ("Grabowski Decl.") at 5. Each of these links led to the same actual site with identical information, requesting that an individual fill out a profile to receive free financial quotes. *Id.* On October 27, 2005, Plaintiff's President, Nella White, filled out a request form linked from one of the e-mails using the fictitious name Bruce Wolf. *Id.* The next day, various mortgage brokers left messages on an answering machine set up to receive any responses made to the Bruce Wolf profile. *Id* at 6. Several mortgage brokers subsequently stated that they received the Bruce Wolf lead from Azoogle, an internet marketing company, and Azoogle has stated that it received the Bruce Wolf lead from one of two different entities, John Strothers or Seamless Media Corp. *Id.* 6.

Bluerockdove, based in Quebec, Canada, offers e-mail marketing software designed to help businesses "plan, develop, and implement successful e-marketing campaigns." Declaration of Jason Singleton in Reply to Opposition to Motion For Issuance of Letters Rogatory ("Singleton Decl."), Ex. A. According to Bluerockdove's company profile, the key features of this software include a complaint management tool, data segmentation, web integration, and advanced server and IP management. *Id.* Each Bluerockdove customer is also assigned an account manager providing direct support with delivery assistance, business development, and understanding industry trends. *Id.* Bluerockdove and Azoogle were listed as "partners in spam" for 2005 in reports issued by SPAMHAUS's Register of Known Spamming Operations ("ROKSO"). Grabowski. Decl. at 3, 7.

**B. Procedural History**

In its Second Amended Complaint, Plaintiff alleges that the over 10,000 unsolicited commercial e-mails received by its server violated provisions of the CAN-SPAM Act, specifically 15 U.S.C. §§ 7704(a)(1), (2), (3), and (5), and 15 U.S.C. §§ 7704(b)(1) and (2), as well as California Business and Professions Code § 17529.5. Second Amended Compl. at 8-14. Plaintiff alleges that Defendants were part of a joint business venture working together to generate leads for the mortgage brokers through the use of these "spam" e-mails. Second Amended Compl. at 6.

Although it has been unable to identify the actual senders of the offending e-mails, Plaintiff contends that Defendant Azoogle was the entity responsible for inducing the senders to send them.

2

1 Second Amended Compl. at 8. The CAN-SPAM Act provides a cause of action against one who
2 induces another to violate the Act "with actual knowledge, or by consciously avoiding knowing,"
3 that the other party will do so. 15 U.S.C. § 7706(g)(2). Accordingly, a key issue is the relationship
4 between Defendant and other entities to determine whether Defendant did, in fact, procure the
5 sending of the e-mails. Grabowski Decl. at 5.

6 On May 10, 2007, Plaintiff filed this motion for issuance of letters rogatory requesting an
7 oral deposition of, and production of documents by, Bluerockdove's Corporate Secretary or
8 representative most knowledgeable about Bluerockdove's e-marketing products and its relationship
9 with Azoogle. Motion at 2. Plaintiff alleges that the deposition of this Bluerockdove witness is
10 necessary to prove its case that Azoogle knew or consciously avoided knowing that its affiliates sent
11 the e-mails at issue in violation of the CAN-SPAM Act. Grabowski Decl. at 6. Specifically,
12 Plaintiff believes that discovery of the data contained in the software allegedly provided by
13 Bluerockdove to Azoogle will lead to further evidence linking Azoogle to the e-mails at issue in this
14 case. *Id.* at 7.

15 In support of the Motion, Plaintiff alleges, first, that Bluerockdove provided Defendant
16 Azoogle with software that it used in 2005 to manage its affiliate network. *Id.* Plaintiff believes that
17 Azoogle used this software to, among other things, track sales and manage payments to its affiliates.
18 *Id.* However, Plaintiff cites no evidence on the record indicating that Azoogle did, in fact, use the
19 software provided by Bluerockdove.

20 Second, Plaintiff contends that Bluerockdove was an affiliate of Azoogle during the alleged
21 incident period. *Id.* Plaintiff bases this allegation on the fact that Azoogle and Bluerockdove are
22 listed as "partners in spam" by SPAMHAUS ROKSO reports for 2005. *Id.* Plaintiff does not,
23 however, provide detail as to the significance or credibility of being labeled "partners in spam" on
24 this list.

25 Defendant Azoogle argues that there is good cause for denying Plaintiff's Motion because it
26 is an example of excessive third party discovery that Plaintiff is using as a "fishing expedition."
27 AzoogleAds.com, Inc.'s Opposition to Plaintiff's Motion For Letters Rogatory at 3-6. Defendant
28 also contends that even if the claims in Plaintiff's Motion are true, the information Plaintiff is

3

1 seeking concerning Bluerockdove's software would not serve to advance its case because it would
2 not provide evidence regarding who actually sent the offending e-mails. *Id.* Accordingly, Defendant
3 asserts that the Motion is beyond the scope of discovery provided by the Federal Rules and should be
4 denied. *Id.*

5 **III. ANALYSIS**

6 **A. The Court has the discretionary authority to issue letters rogatory**

7 A letter rogatory is a formal written request sent by a court to a foreign court asking that the
8 testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the
9 direction of that foreign court and transmitted to the requesting court for use in a pending action.
10 *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129 (3rd Cir. 1983); Wright, Miller, & Marcus, Federal
11 Practice and Procedure (2007), § 2083. A letter rogatory can also include requests for the production
12 of documents. *See United States v. Reagan*, 453 F.2d 165, 168 (6th Cir. 1971) (affirming district
13 court's issuance of letters rogatory seeking documents from investigation conducted by German
14 authorities). Federal Rule of Civil Procedure 28(b) stipulates that a deposition may be taken in a
15 foreign country "(2) pursuant to a letter of request (whether or not captioned a letter rogatory)." Fed.
16 R. Civ. Pro. 28(b). The Canada Evidence Act also specifically provides that a court outside of
17 Canada may serve letters rogatory upon a Canadian court. R.S.C. 1985, c. C-5, s. 46.

18 A court is inherently vested with the authority to issue letters rogatory. *See United States v.*
19 *Staples*, 256 F.2d 290, 292 (9th Cir. 1958); *Reagan*, 453 F.2d at 172. 28 U.S.C. § 1781 also
20 implicitly provides federal courts with authority to issue letters rogatory. 28 U.S.C. § 1781(a)(2).[1]
21 Whether to issue such a letter is a matter of discretion for the court. *See United States v. Mason,*
22 1990 WL 185894, 3 (4th Cir. 1990). When determining whether to exercise its discretion, a court
23 will generally not weigh the evidence sought from the discovery request nor will it attempt to predict
24 whether that evidence will actually be obtained. *DBMS Consultants Ltd. v. Computer Assocs. Int'l,*
25 *Inc.*, 131 F.R.D. 367, 369 (D. Mass. 1990); *B & L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D.

26

27 [1] 28 U.S.C. § 1781 provides the State Department with the power "to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution." 28
28 U.S.C. § 1781(a)(2).

4

1  Okla. 1978); *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 24, 27 (D. Conn. 2003).

2  Ultimately, a court's decision whether to issue a letter rogatory requires an application of Rule 28(b)

3  in light of the scope of discovery provided for by the Federal Rules of Civil Procedure. *See Evanston*

4  *Ins.*, 2006 WL 1652315 at 2 (stating that Rule 28(b) "must be read together" with Rule 26(c) in

5  determining whether to issue letter rogatory); *B & L Drilling Elecs.,* 87 F.R.D. at 545 (stating that

6  Rule 28(b) "must be read together" with Rule 26(c) in determining whether to issue a letter

7  rogatory); *DBMS Consultants Ltd.*, 131 F.R.D. at 369-70 (holding that request for letter rogatory was

8  consistent with liberal discovery provisions of Rule 26(a), b(1)).

9  **B. Application to the facts of the present matter**

10  In the present matter there is good cause for the Court to deny Plaintiff's motion for the

11  issuance of a letter rogatory. There is insufficient evidence in the record linking Azoogle and

12  Bluerockdove, and, consequently, the request does not "appear[] reasonably calculated to lead to the

13  discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Were Plaintiff to demonstrate that

14  Azoogle did in fact utilize the software operated by Bluerockdove as alleged, the Court may have

15  grounds for granting the Motion by issuing a letter rogatory requesting a deposition based on written

16  questions pursuant to Rule 31. Given the absence of such evidence, Plaintiff's motion should be

17  denied.

18  Plaintiff contends that Bluerockdove provided Defendant with the software that Defendant

19  used to manage its affiliate network during the alleged incident period. Grabowski Decl. at 7.

20  Plaintiff asserts that accessing this software and the corresponding database operated by

21  Bluerockdove "would provide invaluable evidence in tracking down the relationship between the

22  actual senders of the e-mails and Azoogle." Motion at 2. Specifically, Plaintiff believes that the

23  Bluerockdove software may have utilized "click through tracking information" thereby allowing

24  Defendant to track which affiliates generated which leads for payment purposes. Reply to

25  Opposition to Motion for Issuance of Letters Rogatory at 5. Plaintiff also contends that

26  Bluerockdove's status as designer of this software and operator of the corresponding database

27  suggests that Bluerockdove would have access to certain types of detailed information concerning

28  Defendant's affiliate tracking that Defendant itself would not have. Grabowski Decl. at 7. Finally,

1  Plaintiff contends that Bluerockdove was an affiliate of Azoogle's for the purpose of sending
2  commercial e-mail, and that, accordingly, information regarding their relationship could shed light
3  on Azoogle's relationship with other affiliates. *Id.*

4      Although these assertions concerning the alleged relationship between Defendant and
5  Bluerockdove have some force, Plaintiff offers no concrete evidence to support them. The only
6  evidence that Plaintiff offers linking Azoogle and Bluerockdove is that they are listed as "partners in
7  spam" in SPAMHAUS ROKSO reports. Plaintiff does not, however, provide any information
8  regarding the legitimacy of this organization, how its reports were created, the time period that the
9  reports cover, or the meaning of the "partners in spam" label. Plaintiff has not provided any
10 justification for why the Court should draw the inference that Defendant utilized Bluerockdove's
11 software or that the companies were affiliates during the period in which the offensive e-mails were
12 sent. Thus, it appears that this discovery request is a "wholly exploratory operation." *Mack v. Great*
13 *Atl. and Pac. Tea Co., Inc.*, 871 F.2d 179, 187 (1st Cir. 1989). If Plaintiff were to produce evidence
14 demonstrating that Azoogle did in fact use the software provided by Bluerockdove to manage its
15 affiliates, then the Court could justifiably reconsider its ruling. In such a case, the Court might issue
16 a letter requesting that the deposition be conducted pursuant to written questions in accordance with
17 Rule 31. Absent such a showing, the Motion is denied.

18 **IV. CONCLUSION**

19     For the foregoing reasons, the Motion is DENIED.

20     IT IS SO ORDERED.

21

22 Dated: June 29, 2007

23

24                                          JOSEPH C. SPERO
                                            United States Magistrate Judge

25

26

27

28

6