**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
Margarita Calpotura (CA Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
hank@kronenbergerlaw.com
karl@kronenbergerlaw.com
jeff@kronenbergerlaw.com
margarita@kronenbergerlaw.com

Attorneys for Defendant, AZOOGLEADS.COM, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES**, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**OPTIN GLOBAL, INC.,** a Delaware Corporation, also dba Vision Media Limited Corp., USA Lenders Network, USA Lenders, and USA Debt Consolidation Service; et al.,<br><br>Defendants. | Case No. C-05-5124 JCS<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING RE-DESIGNATION AND USE OF DOCUMENTS PRODUCED BY GOOGLE INC.** |

WHEREAS on December 14, 2005, the parties to this action entered into a Stipulated Protective Order, which the Court entered as an order on December 16, 2005 (the "Protective Order");

WHEREAS the Protective Order defines Confidential Information as:

> Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c) and other applicable confidentiality law;

WHEREAS the Protective Order defines Highly Confidential – Attorneys' Eyes Only Information ("AEO") as:

> Extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means;

WHEREAS Google Inc. ("Google") produced documents including invoices, service contracts, and emails in response to a third-party subpoena for documents issued by Defendant AzoogleAds.com, Inc. ("Azoogle"), all of which except for a Postini, Inc. service manual, Google designated as AEO (the "Documents");

WHEREAS pursuant to the Protective Order, even after the termination of this action, the confidentiality obligations imposed remain in effect until the designating party agrees otherwise in writing, or a court order otherwise directs;

WHEREAS Azoogle represents that Plaintiff ASIS Internet Services ("ASIS") is currently prosecuting several other cases that are nearly identical to the current action;

WHEREAS Azoogle believes the Documents are relevant to dispositive issues in ASIS's other lawsuits;

WHEREAS on June 5, 2008, Google and Azoogle reached an agreement regarding the re-designation and disclosure of the Documents;

WHEREAS Google conditionally consents to the use of the Documents in other actions, subject to Google's review of the governing protective order, and subject to a designation of the Documents as CONFIDENTIAL in that respective action;

///

NOW THEREFORE, AZOOGLE AND GOOGLE, THROUGH THEIR RESPECTIVE COUNSEL, HEREBY STIPULATE AS FOLLOWS:

1. All Documents produced by Google shall be re-designated as Confidential, from their prior AEO designation.

2. Google shall permit the disclosure and use of the Documents in connection with other legal actions, provided that a) any such other legal action is governed by a protective order that is substantially as protective as the Protective Order, and b) the Documents are designated with a CONFIDENTIAL designation or the equivalent in any such other legal action.

3. Prior to the disclosure in connection with another legal action, Google shall be given the opportunity to review the related protective order and shall have ten (10) days to object to it on the basis that it is not substantially as protective of the documents as the Protective Order.

IT IS SO STIPULATED:

DATED: September 2, 2008

**KRONENBERGER BURGOYNE, LLP**

By: _____

Henry M. Burgoyne, III
Attorneys for Defendant
AZOOGLEADS.COM, INC.

DATED: July ___, 2008

**GOOGLE INC.**

By: _____

Nicole Wong
Attorney for third-party
GOOGLE INC.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

NOW THEREFORE, AZOOGLE AND GOOGLE, THROUGH THEIR RESPECTIVE COUNSEL, HEREBY STIPULATE AS FOLLOWS:

1. All Documents produced by Google shall be re-designated as Confidential, from their prior AEO designation.

2. Google shall permit the disclosure and use of the Documents in connection with other legal actions, provided that a) any such other legal action is governed by a protective order that is substantially as protective as the Protective Order, and b) the Documents are designated with a CONFIDENTIAL designation or the equivalent in any such other legal action.

3. Prior to the disclosure in connection with another legal action, Google shall be given the opportunity to review the related protective order and shall have ten (10) days to object to it on the basis that it is not substantially as protective of the documents as the Protective Order.

IT IS SO STIPULATED:

DATED: July ___, 2008          **KRONENBERGER BURGOYNE, LLP**

By: _____

Henry M. Burgoyne, III
Attorneys for Defendant
AZOOGLEADS.COM, INC.

DATED: August 27, 2008          **GOOGLE INC.**

By: _____
Stacey Wexler
~~Nicole Wong~~
Attorney for third-party
GOOGLE INC.

Case No. C-05-5124 JCS          2          STIPULATION AND [PROPOSED] ORDER
                                            RE RE-DESIGNATION AND USE OF DOCS

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED:**

DATED: 9/4/08

The Honorable
Magistrate Judge
Court for the Northern District of California

*[Stamp: IT IS SO ORDERED — Judge Joseph C. Spero — United States District Court Northern District of California]*

### ATTESTATION OF CONCURRENCE IN FILING

Pursuant to N.D. Cal. General Order No. 45, section 45X(B), I, Henry M. Burgoyne, III, hereby attest that concurrence in the filing of this stipulation and proposed order has been obtained from counsel for third-party, Google Inc., who has provided the conformed signature above.

DATED: September 2, 2008

**KRONENBERGER BURGOYNE, LLP**

By: _____
Henry M. Burgoyne, III
Attorneys for Defendant
AZOOGLEADS.COM, INC.