UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES,<br><br>    Plaintiff,<br><br>  v.<br><br>OPTIN GLOBAL, INC., ET AL.,<br><br>    Defendants.<br>_____/ | Case No. C-05-5124 JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY TAXATION OF COSTS AND PLAINTIFF'S OBJECTIONS TO TAXATION OF COSTS** [Docket No. 443] |

## I. INTRODUCTION

Plaintiff, ASIS Internet Services ("ASIS"), brought suit against Defendant, Azoogleads.com, Inc. ("Azoogle"), on December 12, 2005, asserting that Azoogle violated the CAN-SPAM Act of 2003, 15 U.S.C. § 7701, and California Business and Professions Code § 17529.5. The Court granted summary judgment in favor of Azoogle on April 28, 2008, and found that: 1) ASIS lacked standing to assert a CAN-SPAM Act claim; 2) Azoogle did not "procure" the emails that are the subject of the action under the CAN-SPAM Act; and 3) Azoogle did not "advertise" for the purposes of the state law claim. Order Granting Defendants' Summary Judgment, Denying Plaintiff's Motion for Summary Judgment and Dismissing Action, Docket No. 401. Accordingly, Plaintiff's claims were dismissed with prejudice. *Id.* ASIS filed a notice of appeal on April 18, 2008.

On May 13, 2008, Azoogle filed its Bill of Costs with the Clerk of the Court. Azoogle requested a total of $38,442.61 for the following items: 1) $502.52 ( transcripts); 2) $1,009.32 (witness fees); 3) $1,226.87 (photocopies); 4) $35,703.00 (miscellaneous costs). ASIS filed objections to Azoogle's Bill of Costs and Azoogle responded. On September 3, 2008, the Clerk awarded costs in the amount of $34,825.24. *See* Bill of Costs, Docket No. 441.

ASIS filed a Motion to Stay Taxation of Costs and Plaintiff's Objections to Taxation of Costs ("Motion") on September 9, 2008. In the Motion, ASIS asks the Court to stay taxation of costs pending the appeal of the Court's summary judgment order on the basis that Plaintiff is likely to prevail on the merits and taxation of costs will impose a significant hardship. In the alternative, ASIS objects to the taxation of costs on the grounds that: 1) the Bill of Costs filed by Azoogle was untimely; and 2) an award of costs is contrary to the intent of the CAN-SPAM Act.

Finally, Plaintiff objects to certain specific cost items sought by Azoogle in its Bill of Costs. In particular, Plaintiff objects to the following costs sought by Defendants in the Bill of Costs: 1) hearing transcripts; 2) videography services for three depositions; 3) video conference fees for one deposition; 4) cost of three DVD copies of a single deposition; 5) video conference cost for another deposition; 6) interactive/rough disk costs for five depositions; 7) expedited services included in a deposition bill; 8) travel expenses for deposed witness; 9) costs of copying documents for another case; 10) costs of copying documents for production at discovery.

## II. ANALYSIS

### A. Whether the Court Should Stay Taxation of Costs

In determining whether to issue a stay pending appeal, courts consider the following factors "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Having considered these factors in the context of this case, the Court concludes that entry of a stay on taxation of costs is not warranted.

### B. Whether Costs Should be Denied on the Basis that Bill of Costs was Untimely

Plaintiff asserts that the Bill of Costs was not timely, citing to Civil Local Rule 54-1(a), which provides that a bill of costs should be filed "no later than 14 days after entry of judgment or order under which costs may be claimed." According to ASIS, this rule required Azoogle to file its bill of costs within 14 days of the Court's summary judgment order, which was filed on March 27,

2

2008, rather than within 14 days of the Court's entry of judgment, on April 29, 2008. The Court disagrees. To the extent the Local Rule is, arguably, ambiguous as to whether the 14 days began to run when the summary judgment order was filed or when final judgment was entered, Azoogle's interpretation of the rule was reasonable. Further, ASIS was not prejudiced in any way by the fact that ASIS filed its bill of costs in May rather than April 2008. The Court, therefore, declines to deny Azoogle its costs on this basis.

### C. Whether an Award of Costs is Consistent with the CAN-SPAM Act

Plaintiff asserts that costs should not be awarded because it was acting as a "private attorney general" under the CAN-SPAM Act and, under the standard articulated in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), an award of costs is inconsistent with the remedial nature of the statute. The Court concludes that the *Christiansburg* standard does not apply here, and that under the correct standard, articulated in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), Azoogle is entitled to its costs.

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, a prevailing party is entitled to an award of costs "[u]nless a federal statute . . . provides otherwise." The federal statute at issue here, the CAN-SPAM Act, gives courts the discretion to award reasonable costs against any party. 15 U.S.C. § 7706(g)(4). In exercising this discretion, the Court must determine whether to apply the "dual standard" that is often used in civil rights cases ("the *Christiansburg* standard") or the "even-handed' approach ("the *Fogerty* standard"). This question was directly addressed in *Gordon v. Virtumundo, Inc.*, 2007 WL 2253296 (W.D. Wash. Aug. 1, 2007). In that case, the court concluded – after conducting an in-depth analysis of the legislative intent behind the CAN-SPAM Act – that the *Fogerty* standard applied. *Id*. at *2-4. This Court finds that reasoning in *Virtumundo* be persuasive and therefore applies the *Fogerty* standard here.

Under the *Fogerty* standard, "[p]revailing plaintiffs and prevailing defendants are to be treated alike." 510 U.S. at 534. There is "no precise formula" for determining when the court should exercise its discretion, but factors that may be considered include "frivolousness, motivation,

3

objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 534 n. 19 (quoting *Lieb v. Topstone Industries, Inc*., 788 F.2d 151, 156 (1986)). The Court concludes that under the circumstances here, Azoogle is entitled to an award of costs.

### D. Specific Objections to Azoogle's Cost Bill

#### 1. Standard of Review

"Under the well-established Rule 54(d)(1) case law, the district court is charged with making a de novo review of the clerk's determination of the costs issue." *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 461 (3d Cir. 2000) (citing10 Moore's Federal Practice, § 54.100[3], at 54-145).

#### 2. Hearing Transcripts

Plaintiff ASIS objects to Defendant's request for $502.52 for hearing transcripts, which the Clerk taxed in full. Under Local Rule 54-3(b), the cost of transcripts is allowable if it: (1) was necessarily obtained for appeal; (2) approved by the court or stipulated to by the parties; or (3) to implement a court order. LR 54-3(b).

Plaintiff argues that none of these three requirements have been met. First, Plaintiff asserts that although the case is being appealed, Defendant's request for transcripts occurred prior to the issuance of the Court's summary judgment order and therefore, the transcripts were not "necessarily obtained for appeal." Further, it is undisputed that there was no stipulation or court order regarding that would satisfy subsections (2) or (3). Azoogle counters that the cost of transcripts is allowable under Rule 54-3(b) because the transcripts address issues relevant to the appeal. Defendant does not respond to Plaintiff's argument that the request occurred before summary judgment. The Court concludes that Azoogle is correct.

Regardless of whether the request for the transcript occurred before or after summary judgment, Azoogle is entitled to the costs of hearing transcripts because they are relevant to and necessary for the appeal. Accordingly, the Court finds that the Clerk properly taxed this cost.

4

### 3. Travel Expenses

Defendant Azoogle requests $1,009.32 for the travel expenses of witnesses Nick Grabowski, and Ryan McVey. Declaration of Stephen Fox In Support of Bill of Costs ("Fox Decl."), Ex. A (itemization of costs) at 2. Specifically, $31.00 was requested for the travel expenses of Mr. Grabowski, incurred in connection with attending a deposition on September 6, 2007, and $978.32 was requested for Mr. McVey, incurred in connection with attending a deposition on July 17, 2007. *Id.* Invoices provided by Azoogle indicate that $873.00 of the costs sought for McVey's travel expenses went to pay for his airfare to New York from Toronto. *Id.* ASIS objects to these travel expenses, arguing that Local Rule 54-3 allows for mileage and per diem but not airfare. The Clerk sustained this objection. ASIS is incorrect.

Local Rule 54-3(e) governs witness expenses. That section provides as follows:

> Per diem, subsistence and mileage payments for witnesses are allowable *to the extent reasonably necessary and provided for by 28 U.S.C. § 1821.* No other witness expenses, including fees for expert witnesses, are allowable.

Civ. L.R. 54-3(e) (emphasis added). Section 1821, in turn, provides, in relevant part, as follows:

> A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

28 U.S.C. § 1821(c)(1). It is well-established that so long as the cost of airfare is documented and the fare was the most economical available, a prevailing party may recover these costs. *See, e.g., MEMC Electronic Materials v. Mitsubishi Materials*, 2004 WL 5361246 *8 (N.D. Cal. October 22, 2004)(applying 28 U.S.C. § 1821 to award airfare incurred by witnesses traveling to depositions where cost was documented and fare was found to be most economical available); *Trepel v. Roadway Express, Inc.*, 266 F.3d 418, 425-26 (6th Cir. 2001) (holding that prevailing party was entitled to airfare for witness travel under § 1821); *World Triathalon Corp. v. Dunbar*, 539 F.Supp.2d 1270, 1289 (D.Hawaii 2008) (declining to award airfare because no invoices had been

5

provided documenting cost but acknowledging that § 1821 authorizes award of airfare for witness travel to depositions)*; Ferguson v. Bombardier Services Corp*. 2007 WL 601921 * 5 (M.D.Fla. Feb. 21, 2007) (awarding airfare for witness travel to depositions under § 1821). Accordingly, the Court concludes that Azoogle is entitled to the full $1,009.32 that it requested for witness costs.

### 4. Exemplification and Copy Costs

In its Bill of Costs, Azoogle requested $1,226.87 for "exemplification and copies of papers necessarily obtained for use in the case." This includes a request for $307.00 for "reproduction of discovery documents throughout 2007" and $93.20 for "[c]osts for copying/shipping documents produced to ASIS by Satellite v. Blue Horseshoe Media Docs." Plaintiff objected to both of these requests and the Clerk sustained Plaintiff's objection to the former, reducing the amount for copies by $307.00, to $919.87. In the Motion, ASIS renews its objections to the two items. The Court agrees and therefore deducts both items from the award.

Local Rule 54-3(d)(2) allows the Court to award "the cost of reproducing disclosure or formal discovery documents when used for any purpose in the case." Nonetheless, these costs must be adequately documented to support an award of such costs. *See Arboireau v. Adidas Salomon AG*, 2002 WL 31466564 *6-7 (D. Or. June 14, 2002) (denying request for photocopying costs because party failed to provide the number of copies made, the cost per page or the reason for the copies). Azoogle has not offered any details as to the two entries to which Plaintiff objects: it has not stated the number of copies, the nature of the copies or the rate charged for the photocopies. Further, as to the "Satellite v. Blue Horseshoe Media Docs," it is unclear that these documents were even used in this case, and Azoogle failed to offer any explanation in response to Plaintiff's object to this cost item. According, the court awards $826.67 for exemplification and copies.

### 5. Deposition Costs

Azoogle requested $35,703.00 for deposition costs, consisting of charges related to obtaining deposition transcripts. Fox Decl., Ex. A. The Clerk taxed deposition costs at $33,371.85. The Clerk indicated that the following deductions were made from Azoogle's request: (1) $1,007.40 for unspecified video conference services; (2) $80.00 for an extra DVD disk; and (3) $1,244.65 for rough ascii disk costs. *Id.* ASIS asserts that the amount should be further reduced. The Court

6

1 addresses Plaintiff's specific objections below.

### a. Videotaping Costs for Three Separate Depositions

ASIS objects to costs associated with the video recording of the depositions of Nella White, Rex White, and Sally Then. Defendant seeks $3,266.00 for these items. Fox Decl. at 2. ASIS argues that these costs are not allowable under Local Rule 54-3(c)(1) and that they do not satisfy 28 U.S.C. § 1920(2), which allows for an award of costs for "printed or electronically recorded transcripts necessarily obtained for use in the case." The Court rejects both arguments.

In *MEMC Electronics*, this Court addressed whether 54-3(c) allowed for an award of costs associated with videotaping a deposition. 2004 WL 5361246 *3 (N.D. Cal. October 22, 2004). The Court concluded that it does. For the reasons stated in that decision, the Court reaches the same conclusion here.

The Court also rejects Plaintiff's assertion that the videotaping costs should be excluded because they were not necessarily obtained for use in the case. Had the case gone to trial, the deposition transcripts may well have had value for impeachment purposes, even if the witnesses were available to testify. *See Independent Iron Works, Inc., v. United States Steal Corp.,* 322 F.2d 656, 678-79 (9th Cir.1963).

Accordingly, the Court declines to reduce the costs requested by Azoogle as to these costs.

### b. Video Conference Fees For The Deposition of Jen Evans

Defendant seeks $5,011.69 for video conference fees associated with the deposition of Jen Evans. Plaintiff ASIS objects to these costs, arguing that they do not fall within the ambit of Local Rule 54-3(c). ASIS further asserts that these costs should be excluded because they were incurred only after Defendant refused to produce Ms. Evans at least twice and had to be ordered by the Court to produce her for deposition.

The Court finds that Azoogle is entitled to these costs. First, the cost of a video conference, while not specifically listed in Local Rule 54-3(c), is still a cost of producing an original deposition, which is allowable under 54-3(c)(1). Second, this Court has already found that "both sides bear some measure of responsibility in the difficulty of the scheduling of the deposition of Ms. Evans." Under these circumstances, exclusion of these costs is not warranted.

### c. Video Conference Fees For The Deposition of Shawn O'Connor

ASIS objects to the cost of a video conference deposition, and incorporates its arguments from above. Defendant seeks $174.00 for this item. Fox Decl. at 28.

For the reasons stated above, the Court finds the cost of a video conference is incorporated within Local Rule 54-3(c). Accordingly, the Court will not exclude this cost.

### d. Three DVD Copies of a Single Deposition

ASIS objects to the cost of three DVD copies of the deposition of Julian Mossenen, for which Azoogle requested $80.00. Plaintiff argues that Local Rule 54-3(c) only allows for an original and one copy. *Id.* Defendant fails to respond to this claim. Accordingly, the Court excludes this cost.

### e. Costs of the Rough Ascii Disks

ASIS objects to the cost of Rough Ascii disk copies of the following depositions: Nicholas Grabowski ($390.25), Carl Scoles ($178.00), Joshua Mohland Vol. 1 ($175.00), Joshua Mohland Vol. 2 ($100.00), and Jeffrey Posluns ($403.65). Plaintiff argues that the cost of these copies are not recoverable under 28 U.S.C. § 1920. *Id.* Defendant asserts that Ascii disk copies were used as part of the final deposition transcript, which is recoverable, and is therefore allowed under Local Rule 54-3(c).

In *Intermedix, Inc. v. Ventitrex, Inc.*, Judge Brazil addressed this question, concluding as follows:

> The law allows recovery of the cost of *one* copy of a deposition transcript. If a party elects to have the transcript made available in an additional, separate medium, such as on diskette or in a condensed "travel copy," the party must bear any additional expenses associated with that choice.

1993 WL 515879 *3 (N.D.Cal. Dec. 2,1993); *see also Ochana v. Flores*, 206 F.Supp.2d 941, 945 (N.D.Ill.2002) (holding that "Ascii disk are merely for the convenience of the party's and are not taxable as cost")(citing *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 946 (7th Cir. 1997)). The Court concludes that Judge Brazil is correct and therefore excludes $1,246.90 from the deposition costs sought by Azoogle.

### f. Cost of Expedited Services Included In Invoices for Three Depositions
8

ASIS objects to the cost of expedited delivery reflected in deposition invoices for Jeffrey Posluns ($1,480.72), Julian Mossenan ($1,556.60), and Marvin Hernandez ($1,556.60), asserting that such costs are not permitted under Local Rule 54-3 or 28 U.S.C. § 1920. The Court agrees.

Courts in this district have held that the cost of expedited delivery is not recoverable. *See Affymetrix Inc., v. Multilyte Ltd.,* 2005 WL 2072113 *2 (N.D.Cal. Aug. 26, 2005 )(holding that expedited delivery or messenger fees are not recoverable); *Fresenius Medical Care Holdings v. Baxter*, 2008 WL 2020533 (N.D.Cal. May 8, 2008)(holding that shipping or expedited delivery charges are not allowed). Accordingly, the Court excludes these costs.

Based on the foregoing, the Court finds that costs for depositions should be taxed in the amount of $28,777.08.

**IV.   CONCLUSION**

The Motion is GRANTED in part and DENIED in part, as follows. Plaintiff's request to stay the taxation of costs is DENIED. Plaintiff's request to deny an award of costs altogether is DENIED. The Court GRANTS the Motion as to certain specific objections to Azoogle's Bill of Costs and DENIES the Motion as to others, as stated in the preceding section. Azoogle shall be awarded $31,115.59 in costs, which consists of the following costs: 1) $502.52 (hearing transcripts); 2) $1,009.32 (witness travel expenses); 3) $826.67 (exemplification and copies); 4) $28,777.08 (deposition costs).

IT IS SO ORDERED.

Dated: December 17, 2008

_____
JOSEPH C. SPERO
United States Magistrate Judge