**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (CA Bar No. 203748)
Karl S. Kronenberger (CA Bar No. 226112)
Jeffrey M. Rosenfeld (CA Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@KBInternetLaw.com
karl@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Defendant, AZOOGLEADS.COM, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES,** a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**OPTIN GLOBAL, INC.,** a Delaware Corporation, also dba Vision Media Limited Corp., USA Lenders Network, USA Lenders, and USA Debt Consolidation Service; et al.,<br><br>　　　　Defendants. | Case No. C-05-5124 JCS<br><br>**AZOOGLEADS.COM, INC.'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>DATE:　　April 30, 2010<br>TIME:　　9:30 a.m.<br>CTRM:　　A, 15th Floor<br><br>The Honorable Joseph C. Spero |

## INTRODUCTION

Plaintiff ASIS Internet Services, Inc. ("ASIS")'s opposition echoes the rhetoric of ASIS's earlier filings in this case. The primary difference between ASIS's current brief and all its prior ones, of course, is that the current one comes after this case has already been decided against ASIS, as to all issues, and in two different courts. The point of Defendant AzoogleAds.com, Inc. ("Azoogle")'s motion for sanctions and fees is that ASIS does not, and never did, have any information to back up its incessant babble of slanders. On that basis, and in order to deter future frivolous litigation and to recompense Azoogle for at least some of the extraordinary expense of this case, this Court should grant Azoogle's motion for sanctions and fees.

## ARGUMENT

Contrary to ASIS's come-lately characterization of the current motion, and as is evident from Azoogle's notice and memorandum in support of its re-noticed motion (not to mention Azoogle's initial moving papers), Azoogle seeks relief in the form of both sanctions (under Rule 11 and 28 U.S.C. §1927) and fees under CAN-SPAM itself. ASIS implicitly concedes that Azoogle seeks statutory fees in additional to sanctions when it suggests that this Court might properly apply the *Christiansburg* dual standard to any award of fees under CAN-SPAM. Of course, the Ninth Circuit conclusively rejected the application of the *Christiansburg* standard when it upheld this Court's award of costs, under either the Federal Rules or CAN-SPAM, as a proper exercise of this Court's discretion.

ASIS's self-laudatory characterization of its and its counsel's CAN-SPAM litigation history is something less than accurate. The first of two cases in which ASIS claimed to obtain a "money judgment" was a default. (ASIS later sought to amend the judgment in aid of its collections efforts; its motion to do so was denied.) The second of ASIS's supposed "money judgment" cases hasn't even been litigated to a judgment. To the contrary, prior to the filing of ASIS's opposition, the Court *sua sponte* postponed ruling on ASIS's unopposed summary judgment motion against one of three defendants

pending ASIS's submission of evidence that it even had standing to bring CAN-SPAM claims. Even more remarkable, the three decisions ASIS describes as having established the scope of CAN-SPAM preemption are inconsistent with *Gordon v. Virtumundo, Inc.,* 575 F.3d 1040 (9th Cir. 2009), and with the Ninth Circuit's opinion in this case. To this date, ASIS has yet to win a single CAN-SPAM claim on the merits, despite extracting settlement after settlement. ASIS shouldn't be proud of its litigation history—it should be ashamed.

ASIS argues that Azoogle should have moved to dismiss this case for ASIS's lack of standing. The reason Azoogle didn't, of course, was that Azoogle wasn't named and served until two motions to dismiss already had been litigated, and until after the Hon. Claudia Wilken, then overseeing the case, made clear that she didn't want to see another such motion. Suspicious of ASIS's motivations and ability to prove its case, however, Judge Wilken observed, during a hearing on a motion for security brought by a defendant similarly situated to Azoogle, "If you had included [the moving defendant] in your amended complaint, you better give that some thought and discuss it with your clients because I will not hesitate to award attorneys' fees for [the moving defendant] if it turns out that they weren't properly included." (Burgoyne Declaration in Support of Azoogle's Motion for Sanctions, ¶2 & Ex. A at 16:17-21.) Six figures in attorneys' fees later, that defendant settled with ASIS, despite that ASIS did not have, as it does not have now, any evidence sufficient to tie that or any other defendant to the Emails.

ASIS filed its complaint in the current case against more than 20 defendants, based on a raft of defamatory allegations allegedly made on *actual knowledge*. After losing on appeal, ASIS's counsel promised to search his "SPAM Database"—which by now includes eight figures of emails—for additional emails on which to bring CAN-SPAM or similar lawsuits against Azoogle. No doubt he will. And, given his demonstrated pleading standards, he will no doubt find some collection of emails sufficient to justify, at least in his own mind, further litigation—at which time the parties will return to this Court, or another similar court, to begin this time-consuming and expensive process anew.

## **CONCLUSION**

For those reasons and others previously expressed by Azoogle, the Court should grant Azoogle's motion for sanctions and attorneys' fees in the amounts set forth in Azoogle's prior filings.

DATED: February 19, 2010            **KRONENBERGER BURGOYNE, LLP**

By:     s/Jeffrey M. Rosenfeld
        Jeffrey M. Rosenfeld

Attorneys for Defendant,
AZOOGLEADS.COM, INC.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. C-05-5124 JCS      4      **AZOOGLEADS.COM, INC.'S REPLY ISO MOTION FOR SANCTIONS**